PER CURIAM.
Appellant, Barrington Wilson, was convicted and sentenced for three counts of armed sexual battery with force, one count of burglary with an assault or battery and one count of robbery with a firearm, after a jury trial. The direct appeal of his conviction was affirmed by this court. See Wilson v. State, 753 So.2d 683 (Fla. 3d DCA 2000). He then filed a motion for post-conviction relief pursuant to Florida Rule Criminal Procedure 3.850, which alleged the ineffective assistance of his trial counsel. After an evidentiary hearing on this motion, the lower court denied the same and this appeal ensued.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to demonstrate the ineffective assistance of trial counsel, a defendant must show that (1) the challenged conduct of trial counsel fell below an “objective” standard of reasonableness and that (2) but for the challenged conduct, there is a reasonable probability that the outcome of the trial would have been different. Based upon our review of the record, even assuming arguendo that it could be said that Wilson met the first prong of Strickland, he has not (and indeed cannot) meet the second prong, given the evidence adduced at trial. For this reason, we affirm the denial of the motion.
Affirmed.
GREEN and SHEVIN, JJ., concur.